**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 17 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

EUGENE LITTLE COYOTE,

       Plaintiff - Appellant,

  v.

UNITED STATES DEPARTMENT OF
THE INTERIOR; BUREAU OF INDIAN
AFFAIRS; EDWARD PARISIAN, Rocky
Mountain Regional Director; MARJORIE
EAGELMAN, Superintendent of the
Northern Cheyenne Reservation,

       Defendants - Appellees.

No. 09-35527

D.C. No. 1:08-cv-0003-RFC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Richard F. Cebull, Chief District Judge, Presiding

Argued and Submitted March 5, 2010
Portland, Oregon

Before: PAEZ, TALLMAN, and M. SMITH, Circuit Judges.

    Eugene Little Coyote is the former President of the Northern Cheyenne

Tribe.  He was removed from office by the Tribal Council during an allegedly

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

unconstitutional special session. Following his ouster the Tribal Trial Court and Tribal Constitutional Court issued contradictory decisions regarding the validity of his removal. Subsequently, Edward Parisian, Rocky Mountain Regional Director for the Department of the Interior, Bureau of Indian Affairs ("BIA"), approved budget resolutions and recognized the Vice President, Rick Wolfname, as the interim President of the Northern Cheyenne Tribe (the "Parisian Decision"). Parisian explained in his decision that he was prompted to act by the need to resolve the impasse threatening the ability of the Tribe to perform basic governmental functions.

Little Coyote sued the BIA in federal district court seeking an injunction preventing implementation of the Parisian Decision and preventing the BIA from withdrawing its recognition of Little Coyote as the President of the Northern Cheyenne Tribe. During the pendency of this litigation, the Northern Cheyenne Tribe held a presidential election in which Little Coyote ran and was defeated. The BIA argued that the intervening presidential election rendered Little Coyote's suit moot because the court could no longer grant any effective relief to his claims. The district court agreed and dismissed the case for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1). We agree.

"[A] case is moot . . . when one or both of the parties plainly lacks a continuing interest in the outcome of the litigation." *Gator.com Corp. v. L.L. Bean, Inc.*, 398 F.3d 1125, 1135 (9th Cir. 2005) (en banc) (citation and internal quotation marks omitted). "The basic question is whether there exists a present controversy as to which effective relief can be granted." *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3d 895, 900 (9th Cir. 2007) (quoting *Vill. of Gambell v. Babbitt*, 999 F.2d 403, 406 (9th Cir. 1993)).

Little Coyote concedes that the tribal presidential election was valid and that he cannot be returned to the office of President. He nonetheless argues that the election did not moot this litigation because he has claims for back salary and attorney fees against the Tribe and the Parisian Decision might preclude him from prevailing on those claims. Such an allegation is purely speculative. Furthermore, the claims are not alleged in the complaint and we decline to construe the complaint to encompass hypothetical claims that may or may not be brought against the Tribe in the future. Indeed, the Northern Cheyenne Tribe is not even a party to this case.

Little Coyote's claims do not fall within the capable of repetition yet evading review exception to the mootness doctrine because there is no reasonable expectation that he will be subject to the same injury again. *Native Vill. of Noatak*

*v. Blatchford*, 38 F.3d 1505, 1509 (9th Cir. 1994). The district court was, therefore, unable to grant Little Coyote any effective relief and the dismissal under Rule 12(b)(1) was proper.

**AFFIRMED.**